**FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEARL RANGEL, as an individual and on behalf of all employees similarly situated,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>PLS CHECK CASHERS OF CALIFORNIA, INC., a California corporation,<br>*Defendant-Appellee.* | No. 16-56826<br><br>D.C. No.<br>2:16-cv-06119-DMG-SS<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

Filed August 16, 2018

Before: Marsha S. Berzon and N. Randy Smith, Circuit Judges, and David C. Nye,[*] District Judge.

Opinion by Judge Berzon

---

[*] The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

**SUMMARY**[**]

**Labor Law**

The panel affirmed the district court's dismissal, on res judicata grounds, of a wage-and-hour action brought under the Fair Labor Standards Act.

The plaintiff conceded that she was subject to a state class-action settlement that released all claims arising from the allegations on which her FLSA action was predicated. She argued that her FLSA claims nonetheless could not have been released in the settlement because the settlement was the product of an opt-out class asserting only state labor law claims, but FLSA collective actions are opt-in actions. Applying California law, the panel held that the FLSA action was not excepted from the ordinary operation of res judicata because the decision in the prior proceeding was final and on the merits, the present proceeding was on the same cause of action as the prior proceeding, and the parties in the present proceeding were parties to the prior proceeding.

**COUNSEL**

Kevin Mahoney (argued), Katherine J. Odenbreit, Atoy H. Wilson, and Dionisios Aliazis, Mahoney Law Group APC, Long Beach, California, for Plaintiff-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Ines M. Monte (argued) and Abby Bochenek, Littler Mendelson P.C., Chicago, Illinois, for Defendant-Appellee.

## OPINION

BERZON, Circuit Judge:

Pearl Rangel appeals from the district court's dismissal, on res judicata grounds, of her wage-and-hour action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. Rangel concedes that she was subject to a state class-action settlement that released all claims arising from the allegations on which her FLSA action is predicated. She nonetheless contends that the FLSA action is excepted from the ordinary operation of res judicata. California law is to the contrary. We therefore affirm.

**I**

PLS Check Cashers of California ("PLS") is a check casher and payday lender with branches across California. In early 2014, three PLS workers (not including Rangel) filed suit against PLS and a related company, alleging violations of several wage-and-hour and wage statement provisions of the California Labor Code. In December 2014, the parties reached a tentative settlement. Around the same time, presumably in furtherance of that settlement, the three PLS workers filed a consolidated class-action complaint spelling out their claims and the subclasses for which relief was sought. Specifically, the workers brought claims for failure to provide meal periods, failure to provide rest breaks, failure to pay overtime, failure to pay minimum wage, failure to pay out accrued vacation, failure to make timely wage payments

4  Rangel v. PLS Check Cashers of Calif.

on termination, and failure to provide itemized wage statements. The consolidated complaint also included a generic claim for unfair or unlawful business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200–10. The complaint did not bring any federal claims and made no mention of the FLSA.

The parties reached a final settlement in April 2015. This settlement — the so-called *Dieguez* settlement — covered "all Class Members who do not timely send a . . . valid Opt-Out Request." The *Dieguez* settlement defined the class members as "all hourly paid or non-exempt employees who worked at a Defendant store within the state of California" between January 6, 2010 and April 10, 2015. The settlement included a broad release provision, which encompassed

> all claims that were or could have been pled based on the factual allegations in the Complaint . . . while in a Covered Position and during the Class Period, including without limitations claims for unpaid wages and overtime, untimely final paychecks, record-keeping violations, itemized wage statements, meal and rest period wages and premiums, unpaid and/or untimely vacation wages, and restitution and penalties under the Private Attorneys General Act.

The language of the *Dieguez* settlement made clear that it was "made in compromise of disputed claims" and "for the sole purpose of settling" the class action. PLS reiterated in the settlement that it "den[ied] all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief as well as the class allegations asserted."

RANGEL V. PLS CHECK CASHERS OF CALIF. 5

The Superior Court certified the class for settlement purposes and granted preliminary approval of the settlement in June 2015. The Superior Court also approved notice to class members, which included information on opting out of the settlement. After a fairness hearing, the Court granted final approval under California Code of Civil Procedure section 382, California's counterpart to Federal Rule of Civil Procedure 23, and entered judgment. The judgment stated that "Class Members shall take nothing from Defendants . . . except as expressly set forth in the Joint Stipulation of Settlement and Release."

In August 2016, Pearl Rangel, a PLS worker covered by the *Dieguez* settlement, brought a putative collective action under the FLSA in the Central District of California. Rangel brought claims for violations of the FLSA's minimum wage provision, 29 U.S.C. § 206(a), and overtime provision, 29 U.S.C. § 207, and proposed a separate FLSA collective for each.[1] According to Rangel, PLS "instituted a policy and practice against its employees wherein the minimum wage was not paid in accordance with [f]ederal law." PLS allegedly also required its workers to "work[] extra hours on the graveyard shift, exceeding 40 hours in a week," but without "properly pa[ying] for . . . overtime hours."

PLS promptly moved to dismiss on res judicata grounds. PLS argued that the *Dieguez* settlement resulted in a final

---

[1] A collective is not formed until other plaintiffs file consent forms with the court joining (that is, "opting into") the original named plaintiff's case. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013); *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122–23 (9th Cir. 2009). No plaintiffs joined Rangel's putative collective action before it was dismissed, so no collective was ever formed. It follows that the only claims at issue in the present appeal are Rangel's individual FLSA claims.

6  RANGEL V. PLS CHECK CASHERS OF CALIF.

judgment in state court on the merits of Rangel's minimum wage and overtime claims. PLS also argued that the *Dieguez* settlement, which expressly released all claims that could have been brought based on the same factual predicate, functioned as a waiver coextensive with the scope of res judicata.

In opposition to PLS's motion to dismiss, Rangel took the position that her FLSA claims could not have been released in the *Dieguez* settlement because the settlement was the product of an opt-out class asserting only state law labor claims. FLSA collective actions, unlike Rule 23(b)(3) class actions and their state law analogues, are strictly *opt-in* actions. *See* 29 U.S.C. § 216(b). Workers cannot become plaintiffs to a collective action unless they first file a written consent with the court expressly joining the litigation. *See id.* According to Rangel, this unique requirement of the FLSA prevented the opt-out class settlement from releasing FLSA claims, and thus prevented the state court's judgment from having any preclusive effect with respect to those claims.

Applying federal preclusion law, the district court sided with PLS. The district court found the elements of res judicata met, and noted that class settlements, in the interest of finality, routinely release related claims that were not pled in the operative complaint. The district court dismissed the action with prejudice, and Rangel filed a timely appeal.

II

In California, "[r]es judicata applies if (1) the decision in the prior proceeding [was] final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or

RANGEL V. PLS CHECK CASHERS OF CALIF. 7

parties in privity with them were parties to the prior proceeding."[2]  *Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004).  All three elements are satisfied here.

## A

It is well-settled that a class settlement resulting in final judgment is sufficient to meet the "final and on the merits" element of res judicata, and "is as conclusive a bar as a judgment rendered after trial."  *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065, 1067 (1998) (alterations omitted) (quoting *Johnson v. Am. Airlines, Inc.*, 157 Cal. App. 3d 427, 431 (1984)).  That a settlement may not specifically resolve liability as to all released claims is immaterial.  For res judicata purposes, all that matters is that a claim was in fact settled, rather than reserved for future litigation, such that it was in some sense within the judgment approving of the class settlement.[3]  *See*

---

[2] The district court erred in applying federal preclusion law.  The judgment giving rise to preclusion issued in a California court, so it is California law that determines the judgment's preclusive effect.  *See Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005).  But this error alone is not reason to reverse.  We review a dismissal on preclusion grounds de novo, *see Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988), and so may affirm on a de novo application of the correct standard.

[3] Because the res judicata effect of a settlement tends to be a bargained term of the settlement agreement — and because a settlement agreement is simply a contract, *see Folsom v. Butte Cty. Ass'n of Gov'ts*, 32 Cal. 3d 668, 677 (1982) — res judicata in the settlement context tends to resemble waiver or release.  California courts occasionally obscure the distinctions between doctrines.  *See, e.g.*, *Seadrift Association*, 60 Cal. App. 4th at 1065–66 (describing "final and on the merits" — the first

8        RANGEL V. PLS CHECK CASHERS OF CALIF.

*Louie v. BFS Retail & Commercial Operations, LLC*, 178 Cal. App. 4th 1544, 1555–57 (2009).

Here, the class settlement covered "all claims" that "could have been pled based on the factual allegations in the Complaint." Rangel's FLSA claims, which were direct federal law counterparts to the state law claims settled in *Dieguez*, easily qualify. Rangel suggests that her FLSA claims could not have been pled in the original state action because that action was opt-out only, and therefore inconsistent with the opt-in mechanism used for FLSA claims. *See* 29 U.S.C. § 216(b). But the release provision in the *Dieguez* settlement refers to *factually* related claims — those related "based on the *factual allegations* in the Complaint." (Emphasis added.) It does not limit itself to those claims that class members were functionally capable of bringing in *Dieguez* itself. Settlements of this breadth are common and unobjectionable. *See Villacres v. ABM Indus. Inc*, 189 Cal. App. 4th 562, 586–90 (2010).

**B**

Under California's "primary rights" approach to res judicata, "cause of action" refers to "the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th

---

element of res judicata — as both "collateral estoppel" and a manifestation of "the intent of the parties to be bound by the Settlement Agreement"). However, as California courts have expressly invoked res judicata in the settlement context, and as the outcome in this case is the same regardless, we adhere to a res judicata analysis. *See Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 995 (9th Cir. 2007).

RANGEL V. PLS CHECK CASHERS OF CALIF. 9

788, 798 (2010). "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Id.* "Hence a judgment . . . is a bar to a subsequent action . . . based on the same injury to the same right, even though [the plaintiff] presents a different legal ground for relief." *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975) (citation and emphasis omitted).

Rangel's FLSA claims, as federal versions of the state law claims asserted in the *Dieguez* action, are typical examples of claims invoking "the same injury to the same right" litigated in a prior case. *Boeken*, 48 Cal. 4th at 798. Rangel does not disagree on this point, but instead argues a different one: Her FLSA claims must be distinguished from the California Labor Code claims released in *Dieguez* because the FLSA claims could not have been litigated through an opt-out class. Rangel is not wrong in her premise; the collective action and opt-out class mechanisms do differ. *See McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).[4] But she is wrong about the import of that distinction for res judicata purposes. The mechanism of litigation has no impact on the California primary rights analysis. The same injuries to the same rights are at issue in both cases.

---

[4] The mechanisms are in tension in that a single adjudication cannot be both fully opt-in and fully opt-out. But there are ways of accommodating the different mechanisms within a single case. For example, it is not uncommon to allow an opt-in FLSA collective action to proceed in tandem with an opt-out Rule 23 class action, with the same discovery and the same notice to affected workers, but with the former covering the federal labor claims and the latter the state labor claims. *See Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528–30 (9th Cir. 2013), *rev'd on other grounds*, 135 S. Ct. 513 (2014).

## C

Finally, it is beyond dispute that Rangel was a party to *Dieguez*, because she did not opt out. She was therefore a party to the settlement and bound by the resulting judgment. As in *Richardson v. Wells Fargo Bank, N.A.*, where the Fifth Circuit applied California law in very similar circumstances, the plaintiff "became part[y] to the [opt-out] settlement because [she] did not opt out," and thus "became bound by the settlement terms, including the release of [her] FLSA claims." 839 F.3d 442, 451–52 (5th Cir. 2016).

Rangel notes, correctly, that because she never opted *into* *Dieguez*, she would not have been a party to the action if it were brought as an FLSA collective action, and so she would not have been bound by any resulting settlement. She objects to the notion that a plaintiff can pretermit the FLSA's statutorily mandated opt-in requirement by first bringing state law labor claims in an opt-out class action, then reaching a settlement that extends to the FLSA.

But the question presently before us is not the wisdom of the state court proceeding as it did. Rangel discusses in her res judicata argument, for example, whether allowing an opt-out settlement to release opt-in FLSA claims was proper,[5] or whether the notice given to class members regarding the waiver contained in the settlement was sufficiently specific. *See, e.g.*, *Cotter v. Lyft, Inc.*, No. 13-cv-04065-VC, 2017 1033527, at *2 (N.D. Cal. Mar. 16, 2017). But we are not

---

[5] *See, e.g.*, *Myles v. AlliedBarton Sec. Servs., LLC*, No. 12-CV-05761-JD, 2014 WL 6065602, at *3 (N.D. Cal. Nov. 12, 2014); *Tijero v. Aaron Bros., Inc.*, No. C 10-01089 SBA, 2013 WL 60464, at *7–8 (N.D. Cal. Jan. 2, 2013).

here reviewing the settlement or the notice, which are issues courts have addressed with varying results. The way to raise such issues was by objecting to the settlement. Here we are asked only whether a settlement to which Rangel did *not* object, and to which we are obligated to give effect, 28 U.S.C. § 1738,[6] extends to her current claims. It plainly does.

**AFFIRMED.**

---

[6] Rangel has forfeited any argument that the FLSA operates as an implied partial repeal of 28 U.S.C. § 1738 by failing to raise the issue in her opening brief. *Balser v. Dep't of Justice*, 327 F.3d 903, 911 (9th Cir. 2003).